{¶ 96} Although I concur in the judgment of this court in all other respects, I would sustain Gillingham's Eleventh Assignment of Error, Reverse his convictions for Pandering Obscenity Involving a Minor and Possession of Criminal Tools, and Discharge Gillingham as to those offenses.
 {¶ 97} R.C. 2907.321 begins by declaring that: "No person,with knowledge of the character of the material or performanceinvolved, shall do any of the following: * * *." (Emphasis added.) In view of the provision in R.C. 2901.22(B) that: "A person has knowledge of circumstances when he is aware that such circumstances probably exist," I conclude that to be guilty of violating R.C. 2907.321(A)(2) or (5), the offender must be aware that the obscene materials probably involve real, as opposed to virtual, children.
 {¶ 98} In his opinion for the court, Judge Grady cites definition 2(a)(3) of "character" in Webster's Third New International Dictionary. In my view, definition 2(a)(1) is more to the point, since it is not specifically directed toward biological phenomena. That definition is: "one of theessentials of structure, form, materials, or function that together make up and usu. distinguish the individual." (Emphasis added.) Each of the six subdivisions (1) through (6) of R.C.2907.321 (A) includes the limiting phrase: "obscene [material or performance] that has a minor as one of its participants." (Emphasis added.) I do not see how, consistently with the obligation to construe a criminal statute strictly against the State, as required by R.C. 2901.04(A), we can isolate one half of this limiting phrase — that the material or performance must be obscene — declaring that to be the sole essential characteristic of the material of which the defendant must have knowledge, while ignoring the other half of this limiting phrase — that the material or performance must have a minor as one of its participants.
 {¶ 99} Thus, in my view, it is not enough that the finder of fact — in this case, the trial judge — shall find that the materials involve a real, as opposed to a virtual, child, the finder of fact must also find that the alleged offender was aware that the materials probably involved a real, as opposed to a virtual, child. And this must be proven beyond reasonable doubt.
 {¶ 100} Where is the proof in this case that Gillingham was aware that the images he downloaded on his computer probably involved real, as opposed to virtual, children? There are a number of ways that could be proven. Obviously, if Gillingham recognized one of the children depicted as a child he knew, or had seen, that would be satisfactory proof. Or, if the images he downloaded included, or were accompanied by, representations that the children depicted were real, as opposed to virtual, that might constitute satisfactory proof. Finally, if there were evidence that the state of the art of computer-generated imagery has not yet advanced to the stage where virtual images can be generated that a layperson cannot distinguish from real images, that might suffice. But where is the evidence in this case?
 {¶ 101} Gillingham's expert testified that virtual images can now be generated that no one, expert or lay, can tell from real images. The State's experts testified that they, as experts, can tell the difference, but did not testify that a layperson, like Gillingham, could tell the difference.
 {¶ 102} In my view, the conclusion that Gillingham was aware that the images he downloaded on his computer were probably real, as opposed to virtual, is speculative, falling far short of proof beyond reasonable doubt.
 {¶ 103} I realize that my view, if accepted, would make it difficult, if not impossible, to convict persons who have downloaded on their computers what appears to be child pornography. But, like Judge Grady, I conclude that Ashcroft v.Free Speech Coalition, supra, does not prevent the Ohio General Assembly from outlawing the possession of obscene materials involving virtual children. Therefore, the statute could be amended to include within its reach obscene materials involving virtual images of children.
 {¶ 104} Again, with respect to the other assignments of error, I concur in the opinion of this court, with the exception of the Ninth Assignment of Error, which would become moot under my analysis. Accordingly, I would affirm Gillingham's conviction for Gross Sexual Imposition. But I would sustain Gillingham's Eleventh Assignment of Error, reverse his convictions for Pandering Obscenity Involving a Minor and for Possession of Criminal Tools, and discharge Gillingham as to those offenses.